IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BETH CALL, Individually and as Special
Administrator of the Estate of Jeffrey
James Call, Deceased                                                        PLAINTIFF

v.                          No. 4:23-cv-903-DPM

SENTRA LOGISTICS, LLC; JAVARUS
DE'VON OWENS; JOHN DOES 1–5; and
JOHN DOE CORPORATIONS 1–5                                      DEFENDANTS

ORDER

1.  Two eighteen-wheelers collided on the interstate.  One was a Sentra truck, driven by Javarus Owens.  Jeffrey Call drove the other truck.  Jeffrey was severely injured, and died a few months after the crash.  Beth Call, as the special administrator of Jeffrey's estate, has brought claims against Sentra, Owens, and various John Does.  Among other particulars, she alleges Sentra negligently hired and supervised Owens.  Call also seeks punitive damages.  Sentra has admitted that it's vicariously liable for Owens's actions. *Doc. 62 at ¶ 9.* Those two defendants now move for partial summary judgment on two issues: (1) punitive damages; and (2) duplicative liability.  At this point, the Court takes all the evidence in the light most favorable to Call, and draws all reasonable inferences in her favor.  *Van Dorn v. Hunter*, 919 F.3d 541, 544 (8th Cir. 2019).

2. The material facts are few. In a rural area, Owens pulled his Sentra onto the shoulder of the interstate to use the restroom. Afterward, he began merging onto the highway. Call approached in his truck. The unenhanced video from Call's dashcam does not clearly show that Owens's hazard lights were on. *Doc. 77-1*. A reasonable fact finder could conclude that they were not. Call's truck ran into Owens's. Call died several months later from his injuries. Owens was unharmed. He takes medicine for schizophrenia, which he did not disclose in his Department of Transportation medical examination. *Doc. 90-4*.

Based on all this, Call seeks punitive damages. But Arkansas law is strict: there must be clear and convincing evidence of malice—a purpose to injure or damage—or such reckless disregard of potential injury that malice may be inferred. Ark. Code. Ann. §§ 16-55-206 & 16-55-207. "Negligence alone, however gross, is not enough to sustain punitive damages." *Alpha Zeta Chapter of Pi Kappa Alpha Fraternity by Damron v. Sullivan*, 293 Ark. 576, 585, 740 S.W.2d 127, 132 (1987). In vehicle-accident cases, Arkansas courts have allowed punitive damage claims to go to the jury when there's racing, drinking, or drug-related impairment involved. *Turner v. Rosewarren*, 250 Ark. 119, 125–26, 464 S.W.2d 569, 572–73 (1971); *Honeycutt v. Walden*, 294 Ark. 440, 442, 743 S.W.2d 809, 810 (1988); *National Bank of Commerce v. McNeill Trucking Co., Inc.*, 309 Ark. 80, 88, 828 S.W.2d 584, 588 (1992) (Dudley, J. concurring). Otherwise, these claims do not go forward.

*E.g., Sullivan*, 293 Ark. at 587, 740 S.W.2d at 132–33; *Elrod v. G & R Construction Co.*, 275 Ark. 151, 155, 628 S.W.2d 17, 19 (1982); *National By-Products, Inc. v. Searcy House Moving Co.*, 292 Ark. 491, 494–95, 731 S.W.2d 194, 196–97 (1987). The facts here are sad and unfortunate, but there's no evidence of malice. Whether Owens acted with reckless disregard sufficient to support an inference of malice is a closer question. Ark. Code. Ann. § 16-55-206(1). Call notes Owens's undisclosed schizophrenia diagnosis and related prescription. But there's no evidence linking Owens's mental health or medication to the accident. On the existing record, no jury question is presented. The proof of reckless disregard is not clear and convincing. Call's punitive damages claim therefore fails as a matter of law.

3.  Call claims Sentra negligently hired and supervised Owens. *Doc. 59 at 7–8*. Sentra agrees that it's vicariously liable for Owens's conduct. *Doc. 62 at ¶ 9*. In these circumstances, Arkansas allows a plaintiff to proceed on either a *respondeat superior* theory or a negligent hiring theory, not both. *Elrod*, 275 Ark. at 154, 628 S.W.2d at 19.

But what about the "policies and procedures" exception to *Elrod*? *Doc. 124 at 6–8* in *Regions Bank v. White*, No. 4:06-cv-1475-JLH (E.D. Ark. 24 September 2009). Call alleges that Sentra failed to have adequate policies and training in place to ensure everyone's safety. *Doc. 59 at 7–8*. Sentra's owner, Almir Huremovic, testified that the company did not provide the Department of Transportation's safety manual to its

drivers—because the drivers had a habit of not reading that manual. *Doc. 90-5 at 3–4.* Sentra didn't have a safety training program, either. *Doc. 90-5 at 4.* Sentra's failure to provide a safety manual or a safety training program falls under the "policy and procedures" exception. *E.g., Doc. 124 at 6–8* in *Regions; Doc. 42 at 3–5* in *Crouch v. Master Woodcraft Cabinetry, LLC,* No. 2:20-cv-78-KGB (E.D. Ark. 13 September 2021); *Doc. 189 at 7–9* in *McLane v. Rich Transport, Inc.,* No. 2:11-cv-101-KGB (E.D. Ark. 9 August 2012). Call's direct negligent-hiring and negligent-retention claims fail because Sentra has accepted responsibility for Owens's acts and omissions; her direct negligent-training claim proceeds.

*

Motion for partial summary judgment on punitive damages, *Doc. 77,* granted. Second motion for partial summary judgment, *Doc. 80,* partly granted and partly denied as specified. Status report, *Doc. 101,* appreciated.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

6 November 2025